**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BERNADINE SMITH EPLING, | No. 12-55249 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-05862-GAF-RNB |
| v. | |
| OFFICER KOMATHY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Submitted July 24, 2013[**]

Before:    ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

Bernadine Smith Epling appeals pro se from the district court's summary

judgment in her 42 U.S.C. § 1983 action alleging false arrest and excessive force.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Epling's excessive force claim because Epling failed to raise a genuine dispute of material fact as to whether defendant's use of force in handcuffing Epling was unreasonable. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (an officer is allowed to use reasonable force during an arrest); *see also Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991) (a party cannot create dispute of fact by an affidavit contradicting prior deposition testimony); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 1989) (summary judgment is proper on an excessive force claim arising from application of handcuffs where plaintiff did not provide any medical records to support her claim that she suffered an injury as a result of being handcuffed).

To the extent that Epling challenges the district court's denial of her motions to compel discovery of phone and employee records, the district court did not abuse its discretion. *See* Fed. R. Civ. P. 26(b)(1) (discovery requests must be "reasonably calculated to lead to the discovery of admissible evidence"); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth standard of review and describing district court's broad discretion to permit or deny discovery).

**AFFIRMED**.